Young v. Plymouth State Coll.        CV-96-75-SD    08/12/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Leroy S. Young;
Tatum Young

    v.                                    Civil No. 96-75-SD

Plymouth State College;
University System of
New Hampshire;
Donald P. Wharton


O R D E R


On July 28, 1998, the magistrate judge issued an order, document 21, which denied defendants' motion to amend their answer, document 19.  Defendants have filed a timely objection to that order of the magistrate judge, document 22, and plaintiffs have filed a timely response thereto, document 23.


1.  Background

In this action, plaintiff Leroy S. Young seeks to recover for what he perceives to have been a denial of due process attendant upon his discharge as a tenured faculty member from defendant Plymouth State College.[1]  The complaint was filed in this court in February 1996.

Continuances of previous trial settings have been had for varied legitimate reasons.  The most recent continuance was

---

[1]Plaintiff Tatum Young, wife of Leroy Young, seeks to recover for loss of consortium.

parked by the January 1998 withdrawal of plaintiff's original counsel.

New counsel appeared in April 1998, and, as directed by the court, all counsel have conferred and agreed to proceed with further discovery.  As of this writing, a scheduling conference (requested by counsel) is calendared for November 2, 1998. Thereat, it is contemplated that deadlines will be set for the filing of dispositive motions and for the completion of discovery.  Otherwise put, discovery deadlines have not yet been set, and the court will permit counsel such additional time as is necessary for the proper preparation of their respective cases for trial on the merits.

2.  Discussion

A motion for leave to amend the pleadings is a nondispositive motion, which may be determined by a magistrate judge.  14 MOORE'S FEDERAL PRACTICE § 72.02[8], at 72-14 (Matthew Bender 3d ed. 1997). As such, it is subject to being modified or set aside if it is clearly erroneous or contrary to law.  Id. § 72.11[1][b], at 72-44.  Rule 72(a), Fed. R. Civ. P.;[2] 28 U.S.C. § 636(b)(1)(A).[3]

_____

[2]Rule 72(a), Fed. R. Civ. P., provides:

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not

2

Whether a finding is "clearly erroneous" is determined by whether the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, NC, 470 U.S. 564, 573 (1985) (citing and quoting United States v. US Gypsum Co., 333 U.S. 364, 395 (1948)). On careful review of the record in this case, the court finds such clear error here to exist.

In fairness to the magistrate judge, it must be written that he might well have been misled by the suggestion of plaintiffs' counsel in his objection to the motion to amend that "the current discovery schedule contemplates possible close of discovery and a final pretrial on October 31, 1998." Document 20, ¶ 8.[4] As

thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

[3]28 U.S.C. § 636(b)(1)(A) provides:

A judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under the subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

[4]Plaintiffs' counsel also erroneously suggests that "full and adequate discovery" of the issues raised by defendants'

earlier indicated in this order, the scheduling conference on November 2, 1998, will establish deadlines for the filing of dispositive motions and the close of discovery.

In short, there will be ample opportunity for all parties to properly prepare this case for trial. In light of such circumstances, the court finds the alleged tardiness of defendants' counsel excusable, finds the order of the magistrate judge to be clearly erroneous, sets aside such order, and grants defendants' motion to amend their answer.

## 3. Conclusion

For the reasons hereinabove set forth, the defendants' objection to the order of the magistrate judge is sustained, such order is set aside, and defendants' motion to amend the answer is herewith granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

August 12, 1998

cc: Thomas F. Kehr, Esq.
    Michael D. Urban, Esq.
    Joseph M. McDonough III, Esq.

_____

proposed amendments to the answer is "now closed to plaintiffs due to defendants' tardiness." Document 20, ¶ 12.

4